ELLEN F. ROSENBLUM
Attorney General
JAMES S. SMITH  #840932
SHANNON M. VINCENT  #054700
Senior Assistant Attorneys General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  James.S.Smith@doj.state.or.us
        Shannon.M.Vincent@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHALE WRIGHT a/k/a MICHELLE WRIGHT,<br><br>              Plaintiff,<br><br>    v.<br><br>COLETTE S. PETERS, Director, Oregon Department of Corrections, in her official capacity; STEVEN SHELTON, M.D., Chief Medical Officer, Oregon Department of Corrections, in his individual and official capacities; JANA RUSSELL, Administrator, Behavioral Health Services, Oregon Department of Corrections, in her individual and official capacities; LORI VANCLEAVE, M.A., QMPH Behavioral Health Services, Oregon Department of Corrections, in her individual and official capacities; DARCI JO JENNINGS, LCSW, QMPH Behavioral Health Services, Oregon Department of Corrections, in her individual and official capacities; GARTH GULICK, M.D., Medical Services, Oregon Department of Corrections, in his individual and official capacities,<br><br>              Defendants. | Case No.  6:16-cv-01998-MC<br><br>DEFENDANTS SHELTON, RUSSELL, GULICK, VANCLEAVE AND JENNINGS' MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY<br><br><br>**ORAL ARGUMENT REQUESTED** |

Page 1 -   DEFENDANTS SHELTON, RUSSELL, GULICK, VANCLEAVE AND JENNINGS' MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY

## CERTIFICATE OF CONFERRAL

Defendants' counsel conferred with plaintiff's counsel by telephone regarding the issues in this motion on May 11, 2017, but the parties were unable to reach agreement.

## MOTION

Pursuant to FRCP 56, Defendants Shelton, Russell, Gulick, VanCleave and Jennings move for summary judgment based upon qualified immunity. This motion is based upon the court's records and files herein, the supporting Declaration of Dr. Steve Shelton and the supporting Memorandum below.

## MEMORANDUM IN SUPPORT

### I.     Statement of Facts.

Plaintiff is an inmate in the custody of the Oregon Department of Corrections ("ODOC"). (Complaint, Par. 1). Plaintiff is a male to female transgender person, who has been housed at various ODOC facilities during the course of her incarceration, which began in 2013. (*Id.*). Plaintiff's Complaint alleges that Defendants Shelton, Russell, Gulick, VanCleave and Jennings failed to provide needed medical care in violation of her Eighth Amendment right to be free of cruel and unusual punishment, because they failed to treat Plaintiff in strict conformity with the World Professional Association for Transgender Health ("WPATH") Standards of Care. (Complaint, Par. 18-22).

The WPATH Standards of Care (the current version of which is attached to the Declaration of Dr. Shelton as Ex. 1) provide flexible clinical guidelines for the treatment of transgender, transsexual and gender nonconforming persons. The Standards of Care leave to medical professionals' great discretion, but set out a general three phase course of treatment that may help transgender individuals: 1) hormone therapy, which may be followed by; 2) living in the community as the changed gender, which may be followed by; and 3) sexual reassignment surgery ("SRS"). The timing of these steps and whether all are necessary for any particular

Page 2 -   DEFENDANTS SHELTON, RUSSELL, GULICK, VANCLEAVE AND JENNINGS'
           MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON QUALIFIED
           IMMUNITY
JSS/cbh/8105447-v1
                                            Department of Justice
                                            1162 Court Street NE
                                            Salem, OR 97301-4096
                                    (503) 947-4700 / Fax: (503) 947-4791

individual are left to the judgment of the treating professionals. These treatments are commonly referred to as "the triad."

Plaintiff was diagnosed with gender dysphoria in 2015. (Shelton Dec., Par. 4-5). In addition to gender dysphoria, Plaintiff was diagnosed with other mental health conditions. (*Id.*). Once diagnosed with gender dysphoria, treatment decisions concerning Plaintiff's gender dysphoria were made by ODOC's Gender Nonconforming Committee ("GNC"). (*Id.*). The members of GNC were ODOC's Clinical Director, Chief Psychiatrist and head of Behavioral Health Services ("BHS").

Although she made repeated demands for hormone therapy, Plaintiff was treated with medicine for her other mental health issues, counselling and items to allow her to "feminize" her appearance and manner. (Shelton Dec., Par. 5). Although GNC was aware of Plaintiff's demands for hormone treatment, it chose not to introduce hormones immediately after her diagnosis of gender dysphoria, since there is a risk hormones would have unintended consequences on the other mental health problems. (*Id.*). Eventually, GNC sent Plaintiff out for an independent evaluation, and accepted the independent evaluator's recommendation that hormones were appropriate. Plaintiff was started on that therapy in late 2016. (*Id.*).

Defendant Shelton is a medical doctor who was ODOC's Clinical Director at all material times. (Complaint, Par. 18-22). Defendant Russell was the head of ODOC BHS at all material times. (*Id.*). Both Shelton and Russell served on the GNC which made treatment decisions for inmates diagnosed with gender dysphoria. Defendant Gulick is a medical doctor who treated Plaintiff when she was housed at SRCI, but is without authority to prescribe treatment for gender dysphoria. (Shelton Dec., Par. 5). Defendant Jennings is a Qualified Mental Health Professional ("QMHP") who treated Plaintiff when she resided at the Oregon State Penitentiary-Mental Health Infirmary ("OSP-MHI") from January 2, 2015 to April 15, 2015; Defendant VanCleave is a QMHP who treated Plaintiff when she resided at SRCI from April 15, 2015 to July 29, 2016.

Page 3 -   DEFENDANTS SHELTON, RUSSELL, GULICK, VANCLEAVE AND JENNINGS'
            MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON QUALIFIED
            IMMUNITY
JSS/cbh/8105447-v1
                                    Department of Justice
                                    1162 Court Street NE
                                    Salem, OR 97301-4096
                                    (503) 947-4700 / Fax: (503) 947-4791

Neither QMHP served on the GNC or is authorized by ODOC to prescribe treatment for gender dysphoria.

## II.  Defendants' Position.

There is a constitutional right to medical care for gender dysphoria, but no constitutional right to the treatment of Plaintiff's choice or to any particular method of treatment. Defendants provided treatment for Plaintiff's gender dysphoria, but did not provide the exact treatment Plaintiff wanted. Because there is no clearly established right to any particular treatment for gender dysphoria, the Defendants are entitled to qualified immunity on the damages case.

## III.  Argument.

### A.  Qualified Immunity Generally.

Under the doctrine of qualified immunity, State workers sued in their individual capacities are shielded from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Harlow v Fitzgerald,* 457 US 800 (1982). A court considering a claim of qualified immunity as a defense must make two inquiries: (1) whether the facts, when viewed in the light most favorable to Plaintiff, establish that the Defendants committed a constitutional violation; and (2) whether such a right was clearly established at the time of the Defendant's conduct. *Saucier v Katz,* 533 US 194 (2001). The court can consider these issues in any order; a defendant is entitled to qualified immunity if the court decides either issue in the defendant's favor. *Pearson v Callahan,* 555 US 662 (2009).

In this case, taking all the factual allegations of the Complaint as true, there is no clearly established right to the care Plaintiff sought at the time of Defendants' conduct. Accordingly, Defendants are entitled to qualified immunity.[1]

---

[1] In this case, a strong argument can be made that none of the Defendants violated Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. But since analysis of that element of qualified immunity would require a vast volume of factual information in the form of treatment records and Declarations from medical and mental health care providers, and the "clearly established" inquiry can be conclusively determined on far less information, only the

Page 4 -  DEFENDANTS SHELTON, RUSSELL, GULICK, VANCLEAVE AND JENNINGS'
 MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON QUALIFIED
 IMMUNITY
JSS/cbh/8105447-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

### B. There is no Clearly Established Right to Hormone Treatment.

Plaintiff's contention is that there was a clearly established right for a transgender inmate to be treated pursuant to the WPATH Standards. But the WPATH Standards are themselves flexible, and provide for variations of treatment based upon unique issues and problems. From the current version of the Standards, under the heading **The Standards of Care Are Flexible Clinical Guidelines:**

> "The SOC are intended to be flexible in order to meet the diverse health care needs of transsexual, transgender and gender nonconforming people….As for all the previous versions of the SOC, the criteria put forth in this document for hormone therapy and surgical treatments for gender dysphoria are clinical guidelines; individual health professionals and programs may modify them. Clinical departures from the SOC may come about because of a patient's unique anatomic, social or psychological situation; an experienced health professional's evolving method of handling a common situation; lack of resources in various parts of the world: or the need for specific harm reduction strategies."

Although alleged in the Complaint as a binding procedure which must be followed to avoid cruel and unusual punishment, by its own terms the Standard of Care provides clinical guidelines, from which practitioners are expected to deviate as patient care demands. This difference between the terms of the Standards and the allegations of the Complaint would explain the failure to incorporate a copy of the Standards into the Complaint.

Accepting Plaintiff's allegation that gender dysphoria is a serious medical condition for which Plaintiff is entitled to treatment, that right to treatment does not equate with a clearly established constitutional right to the precise treatment the Plaintiff wants. To find that Defendants are not covered by qualified immunity, the court would have to find that there is a right to hormone treatment for a prisoner with gender dysphoria that was clearly established at the time Defendants acted.

Two other district courts have faced this issue on very similar facts. In *Arnold v Wilson,* 2014 WL7345755 (E.D. Va. 2014), an inmate in federal prison sued several federal Bureau of

---

"clearly established" inquiry is addressed herein. Defendants intend a subsequent motion for summary judgment on the merits of the case if this motion does not dispose of the case.

Page 5 -   DEFENDANTS SHELTON, RUSSELL, GULICK, VANCLEAVE AND JENNINGS'
           MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON QUALIFIED
           IMMUNITY
JSS/cbh/8105447-v1
                                    Department of Justice
                                    1162 Court Street NE
                                    Salem, OR 97301-4096
                                    (503) 947-4700 / Fax: (503) 947-4791

Prison officials, alleging that they had failed to provide adequate care for Plaintiff's gender identity disorder (another name for gender dysphoria). In deciding whether Arnold's constitutional rights had been violated, the court analyzed arguments concerning the impact of the WPATH Standards of Care and whether the contours of the treatment required for a transgender inmate were clearly established. In *Arnold,* plaintiff entered the federal prison system in 2012, and received a diagnosis of gender identity disorder. The Federal Bureau of Prisons ("BOP") had a policy of individualized treatment, not dissimilar to ODOC's policy. Plaintiff Arnold was provided counselling and allowed to wear a sports bra. She complained that BOP refused to allow her to wear makeup, denied her treatment for male pattern baldness and refused her hormone therapy. After about two years of treatment without hormones, BOP agreed hormones were appropriate, and began treatment with them. Inmate Arnold brought suit against several BOP officials, alleging that they were deliberately indifferent in her medical care.

On Defendants' Motion for Summary Judgment, Plaintiff Arnold argued that Defendants' refusal to treat her in strict conformity with WPATH Standards was deliberate indifference. She argued that following the WPATH "triad" was the only acceptable treatment for gender identity disorder, and that failing to follow WPATH strictly was deliberate indifference. The court found that the argument was controverted by the WPATH Standards themselves, which call the Standards "flexible clinical guidelines" and which can be adjusted based upon each individual patient's unique issues. The court found that the treatment provided by BOP was within the flexible framework of the Standards, and since it was based upon Arnold's individual condition, it was not an example of deliberate indifference.

Moreover, the court examined whether the right to a particular treatment for gender identity disorder was clearly established, and concluded that it was not. Although there was a transgender case in the 4th Circuit which had found that under differing facts the prison officials' conduct had amounted to deliberate indifference, no case from the Circuit Court or the Supreme

Page 6 -   DEFENDANTS SHELTON, RUSSELL, GULICK, VANCLEAVE AND JENNINGS'
             MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON QUALIFIED
             IMMUNITY
         JSS/cbh/8105447-v1
                                          Department of Justice
                                          1162 Court Street NE
                                          Salem, OR 97301-4096
                                    (503) 947-4700 / Fax: (503) 947-4791

Court had found that a particular type of treatment was a constitutional requirement for those with gender identity disorder. Accordingly, even though BOP had not provided Plaintiff with the treatment she desired, and may have deviated from some interpretations of what the WPATH Standards would have required, there was no clearly established right to any particular treatment, and the Defendants were entitled to qualified immunity.

About two years after *Arnold*, the district court for the Western District of Wisconsin analyzed a similar argument. In *Mitchell v Kallas,* 2016 WL 4507392, a male to female transgender inmate sued two doctors employed by the Wisconsin Department of Corrections, alleging that the doctors had violated her constitutional rights by denying treatment for gender dysphoria. Plaintiff had entered the Wisconsin prison system in 2011, and was diagnosed with gender dysphoria among other mental health issues. Despite repeated requests, the medical and mental health staff of Wisconsin DOC did not give Plaintiff Mitchell hormones. Instead, they referred Mitchell out to a doctor in the community for analysis. The analysis took far longer than expected, although it did result in a recommendation that Mitchell should receive hormone therapy. By the time of that recommendation, however, Mitchell had completed almost all of her sentence. Since Mitchell would not be around to be monitored as necessary for hormone therapy, Wisconsin DOC deferred her treatment, suggesting that she seek treatment in the community upon her release. Mitchell was released, sought no hormone therapy in the community, and initiated suit against the Wisconsin DOC medical care providers when she committed other crimes and was returned to prison a few months later.

In analyzing the Defendants' motion for summary judgment on the issue of qualified immunity, the court concluded that without legal authority which establishes that a particular treatment is required, there is qualified immunity. "Here, Plaintiff is seeking monetary damages for defendants' delay in approving her request for hormone treatment. Yet she cannot cite—and the court has not located—any case suggesting that she had a clearly established right to hormone treatment when requested." 2016 WL 4507392, at 4507395.

Page 7 -   DEFENDANTS SHELTON, RUSSELL, GULICK, VANCLEAVE AND JENNINGS'
            MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON QUALIFIED
            IMMUNITY
JSS/cbh/8105447-v1
                                    Department of Justice
                                    1162 Court Street NE
                                    Salem, OR 97301-4096
                                (503) 947-4700 / Fax: (503) 947-4791

Like the *Arnold* and *Mitchell* Plaintiffs, Inmate Wright can point to nothing which creates a clearly established right to hormone treatment upon demand or diagnosis. Absent some clearly established authority that should reasonably have been known to Defendants, their qualified immunity remains intact.

### C. Conclusion

Distilled to its essence, Plaintiff's Complaint alleges that she has gender dysphoria, that she has multiple symptoms and issues associated with her gender dysphoria and that she has raised the issue of treatment for gender dysphoria and repeatedly demanded hormone therapy, which was not provided until recently. The Complaint's conclusion is that the refusal to provide hormone therapy is a violation of her rights under the Eighth Amendment. The medical and mental health record from ODOC is that Plaintiff has received care for her mental health problems and gender dysphoria since entering the system, although the care has been other than that she demanded. Absent some authority which shows that Plaintiff has a constitutional right to hormone therapy upon request and that her right to hormone authority upon request was known to any reasonable ODOC care provider, the Defendants have qualified immunity from suit and are entitled to judgment.

DATED May  19 , 2017.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General

    *s/ James S. Smith*
JAMES S. SMITH #840932
SHANNON M. VINCENT #054700
Senior Assistant Attorneys General
Trial Attorneys
Tel (503) 947-4700
Fax (503) 947-4791
James.S.Smith@doj.state.or.us
Shannon.M.Vincent@doj.state.or.us
Of Attorneys for Defendants

Page 8 -   DEFENDANTS SHELTON, RUSSELL, GULICK, VANCLEAVE AND JENNINGS'
           MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON QUALIFIED
           IMMUNITY
JSS/cbh/8105447-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791